[Cite as *State v. Kjerrumgaard*, 2017-Ohio-5797.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

BANE KJERRUMGAARD

    Appellant

C.A. No.    28398

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2015 05 1632

DECISION AND JOURNAL ENTRY

Dated: July 12, 2017

HENSAL, Presiding Judge.

{¶1}    Bane Kjerrumgaard appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2}    After initially entering a plea of not guilty, Bane Kjerrumgaard pleaded guilty to one count of failing to comply with the notice-of-change-of-address requirements under Revised Code Section 2950.05, a felony of the third degree. The trial court sentenced Mr. Kjerrumgaard to a three-year prison term, which it suspended, and placed him on 15 months of community control. Mr. Kjerrumgaard subsequently pleaded guilty to a community-control violation, and the trial court ordered continued community control. Thereafter, he pleaded guilty to yet another community-control violation. At sentencing, the trial court revoked community control and imposed the three-year prison sentence. The trial court appointed counsel for appeal.

{¶3}  Mr. Kjerrumgaard's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she has reviewed the record and concluded that there are no non-frivolous issues to be pursued on appeal.  Mr. Kjerrumgaard's counsel has also moved to withdraw as counsel of record in this matter.  The record reflects that Mr. Kjerrumgaard was served with a copy of his counsel's brief, and that this Court issued a Magistrate's Order affording Mr. Kjerrumgaard an opportunity to raise arguments after review of the *Anders* brief.  Mr. Kjerrumgaard has not filed a brief on his own behalf.

II.

{¶4}  In her *Anders* brief, appellate counsel identified four possible issues for review: (1) whether Mr. Kjerrumgaard waived his right to a community-control-violation hearing; (2) whether he received ineffective assistance of counsel; (3) whether he was afforded all mitigation rights that he was entitled to upon sentencing; and (4) whether he received an appropriate sentence.  Appellate counsel's brief sets forth the applicable law for each of these issues and addresses the relevant facts, but ultimately concludes that there are no issues that were not wholly frivolous.  Based upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case.  *See State v. Randles*, 9th Dist. Summit No. 23857, 2008–Ohio–662, ¶ 6. We, therefore, grant appellate counsel's motion to withdraw.

III.

{¶5}  Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Mr. Kjerrumgaard's appeal is meritless and wholly frivolous under *Anders*.  The motion to withdraw filed by Mr. Kjerrumgaard's counsel is granted.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KRISTEN KOWALSKI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.